UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In re:

DESERT OASIS APARTMENTS, LLC,

　　　　　　　　　　Debtor.

CT INVESTMENT MANAGEMENT CO., LLC,

　　　　　　　　　　Appellant,

　　v.

DESERT OASIS APARTMENTS, LLC and TOM GONZALES,

　　　　　　　　　　Appellees.

Case No.  2:12-cv-00370-MMD-VPC

ORDER

(Appellee's Motion to Dismiss – dkt. no. 31)

　　　　Wells Fargo commenced this appeal from bankruptcy court by filing a Notice of Appeal on February 23, 2012, seeking to overturn Bankruptcy Judge Bruce A. Markell's order confirming Desert Oasis' Chapter 11 Plan of Reorganization.  On July 27, 2012, Desert Oasis refinanced its property and paid off the amount owed to Wells Fargo and left in escrow the disputed amount claimed by Wells Fargo, pending this Court's determination of a separate challenge to another order issued by Judge Markell.  *See CT Inv. Mgmt. Co., LLC v. Desert Oasis Apartments, LLC*, No. 2:12-cv-1061-MMD-VPC (D. Nev. filed June 20, 2012).  As a result, Desert Oasis brings this Motion to Dismiss,

seeking to dismiss the Appeal as moot and requesting costs under Fed. R. App. P. 39 and Fed. R. Bankr. P 8014.[1]  (Dkt. no. 31.)  Wells Fargo filed its Response consenting to the dismissal, but opposing the award of costs.  (Dkt. no. 35.)  Desert Oasis did not file a Reply.  The Court agrees with the parties that this appeal is moot, but denies Desert Oasis' request for costs consistent with the reasoning set forth below.

A request for costs stemming from a dismissal of a bankruptcy appeal cannot be premised on Fed. R. App. P. 39, since that Rule "is not, strictly speaking, the controlling provision for the issue at hand, since the costs sought by [Desert Oasis are] not costs incurred in connection with [an] appeal that was taken to the Court of Appeals."  *In re Manhattan Inv. Fund Ltd.*, 421 B.R. 613, 616 (S.D.N.Y. 2009); *see* Fed. R. App. P. 1(a)(1) ("These rules govern procedure in the United States courts of appeals").

In the section which governs appeals to district courts, Fed. R. Bankr. P. 8014 provides that "costs shall be taxed against the losing party on an appeal."  The decision to award costs under Rule 8014 rests within the discretion of the court.  *See Gwynn v. Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (applying abuse of discretion standard to an award of costs).  Although the precise definition of "prevailing party" in the context of Rule 8014 has not been the subject of much analysis, Congressional fee shifting statutes employ the term in a host of different contexts.  As a term of art, the Supreme Court has noted in an analogous statutory usage of the term "prevailing party" that an award of fees is appropriate "when a party has prevailed *on the merits* of at least some of his claims."  *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam) (emphasis added).  A prevailing party has also been held to exist through consent decrees that change the legal relationship between a plaintiff and the defendant.  *Buckhannon Bd. And Care Home, Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001).  Together, "judgments on the merits and court-ordered consent decrees 'create

---

[1] The Court similarly dismissed as moot an adversary proceeding brought by Tom Gonzales arising out of the same bankruptcy filing.  *See Tom Gonzales v. CT Inv. Mgmt. Co., LLC*, No. 2:12-cv-669-MMD-VPC (D. Nev. Jan. 11, 2013).

the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.'" *Id.* (quoting *Tex. State Teachers Assn. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989)). Here, no such alteration of the legal relationship occurred as a result of the litigation, and no adjudication on the merits occurred. That Desert Oasis ultimately received what it sought through the reorganization independent of this Appeal, and without any judgment on the merits of this Appeal, cannot sustain an award of costs.

Accordingly, IT IS ORDERED that Appellee Desert Oasis Apartments, LLC's Motion to Dismiss (dkt. no. 31) is GRANTED in part and DENIED in part. This matter is now moot, and the parties shall bear their own costs.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED THIS 17th day of January 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE